IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN Q. GRAGGS,

    Petitioner,

v.

    CASE NO. 2:12-CV-190
    JUDGE SMITH
    MAGISTRATE JUDGE KING

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

    Respondent.

## OPINION AND ORDER

On May 30, 2013, the United States Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed. *Report and* Recommendation, Doc.No.37. Petitioner has filed objections to that recommendation. *Objection*, Doc. No. 41. For the reasons that follow, Petitioner's objections are **OVERRULED.** Petitioner's request for an evidentiary hearing is **DENIED.** The *Report and Recommendation, Doc. No. 37,* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Moreover, Petitioner's request for a certificate of appealability is **DENIED.**

The petition asserts claims of insufficiency of evidence, ineffective assistance of trial and appellate counsel, defective indictment, improper jury instruction on accomplice liability and juror misconduct. The United States Magistrate Judge reasoned that the claims raised on direct appeal, the claims of ineffective assistance of appellate counsel, and the claims of defective indictment and juror misconduct were procedurally barred, and that the claims raised on post-conviction relief, including the claims of ineffective assistance of trial counsel, were either procedurally barred or were without merit. *Report and Recommendation*.

1

Petitioner has filed lengthy objections to those recommendations. He initially complains that the Magistrate Judge improperly deferred to the erroneous factual finding of the state appellate court, which stated that police found the tip of a green latex glove containing Petitioner's DNA under the victim's body; according to Petitioner, the evidence indicated that police did not observe the glove tip until after they had moved the body and a cushion of a nearby chair. *See Trial Transcript*, PageID# 156-157, 222, PageID# 788-90. Under these circumstances, Petitioner contends, the fact that people were going in and out of the apartment before police arrived could have explained the presence of a glove containing his DNA. *Objection*, PageID#2004. Petitioner also contends that a liberal construction of his pleadings should have recognized an allegation that his attorney failed to notify him of the appellate court's decision denying his direct appeal and failed to notify Petitioner of the time limits for filing an appeal to the Ohio Supreme Court; these allegations, Petitioner contends, would establish cause for his failure to file a timely appeal to the Ohio Supreme Court. *Objection*, PageID# 2005. Petitioner also again argues that the record establishes that he is actually innocent of the charges against him. He presents the same arguments that he previously presented regarding the merits of his claims.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court has specifically reviewed the entire record, including all of the documents referred to by Petitioner. The Court is not persuaded by Petitioner's arguments. Even liberally construing Petitioner's pleadings, nothing in the record supports his claim that he previously alleged, as cause for his untimely appeal to the Ohio Supreme Court, that his attorney failed to notify him of the appellate court's decision denying his appeal. *See Petitioner's Traverse*, PageID# 1712; *Exhibit 29* to *Return of Writ*, PageID# 467. Petitioner's current allegation to the contrary is

2

unsupported by the record and is not worthy of credit.  Further, considering all of the evidence, including testimony regarding the location of the latex glove containing Petitioner's DNA, this Court agrees that Petitioner has established neither cause for his procedural default, nor that he is actually innocent of the charges against him such that the merits of his otherwise procedurally defaulted claims may be considered.  The remainder of Petitioner's arguments are well addressed in the Magistrate Judge's *Report and Recommendation*.  For these reasons, Petitioner's *Objection*, Doc. No. 41, are **OVERRULED**.  The *Report and Recommendation,* Doc. No. 37,  is **ADOPTED** and **AFFIRMED.**  Petitioner's request for an evidentiary hearing is **DENIED**.  This action is hereby **DISMISSED.**

Petitioner also seeks a certificate of appealability.  When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Id*. (citing *Barefoot*, 463 U.S. at 893).

> Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*.

There are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

For the reasons stated in the *Report and Recommendation* and in this *Opinion and Order*, this Court is not persuaded that reasonable jurists would debate whether this Court properly dismissed Petitioner's claims as procedurally defaulted or lacking in merit. Petitioner's request for a certificate of appealability is therefore **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

*/s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**